UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JAMIE N. BOHN,

      Plaintiff,

v.                     CASE No. 8:12-CV-354-T-TGW

MICHAEL J. ASTRUE,
Commissioner of Social Security,

      Defendant.

_____

ORDER

      The plaintiff in this case seeks judicial review of the denial of her claim for supplemental security income payments.[1]  Because the decision of the Commissioner of Social Security is supported by substantial evidence and does not contain any reversible error, the decision will be affirmed.

I.

      The plaintiff, who was twenty-two years old at the time of the administrative hearing and who has an eighth grade education (Tr. 31), has worked briefly as a cashier and waitress (Tr. 32, 39, 200).  She filed a claim

---

[1]The parties have consented in this case to the exercise of jurisdiction by a United States Magistrate Judge (Doc. 15).

for supplemental security income payments, alleging that she became disabled

due to Ollier's disease, a genetic bone disorder (Tr. 199). The claim was

denied initially and upon reconsideration.

The plaintiff, at her request, then received a <u>de novo</u> hearing

before an administrative law judge. The law judge found that the plaintiff has

a severe impairment of Ollier's disease (Tr. 17). He concluded that, due to

this impairment, the plaintiff has the following restrictions (<u>id</u>.):

> [T]he claimant has the residual functional capacity
> to perform light work as defined in 20 CFR
> 416.967(b). The claimant can lift and carry 20
> pounds occasionally and 10 pounds frequently.
> She can stand and walk two hours out of an eight-
> hour workday and sit six hours out of an eight-hour
> workday, with the ability to change position at will.
> While the claimant can never climb ladders, ropes
> and scaffolds and [must] avoid concentrated
> exposure to hazards, she can occasionally climb,
> balance, stoop, knee[l], crouch and crawl.

The law judge found that, despite these restrictions, the plaintiff

could return to past work as a cashier (Tr. 20, 21; see Tr. 39). Furthermore,

based upon the testimony of a vocational expert, the law judge ruled in the

alternative that there are other jobs that exist in significant numbers in the

national economy that the plaintiff can perform, such as ticket seller, parking

lot cashier, and photograph finisher (Tr. 21-22). The law judge therefore decided that the plaintiff was not disabled (Tr. 22). The Appeals Council let the decision of the law judge stand as the final decision of the Commissioner.

## II.

A. In order to be entitled to supplemental security income, a claimant must be unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which ... has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. 1382c(a)(3)(A). A "physical or mental impairment," under the terms of the Act, is one "that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. 1382c(a)(3)(D). Also, the Act provides further that a claimant is not disabled if she is capable of performing her previous work. 42 U.S.C. 423(d)(2)(A).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence. 42 U.S.C. 405(g). Substantial evidence is "such relevant evidence as a reasonable mind

might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971), quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938). Under the substantial evidence test, "findings of fact made by administrative agencies ... may be reversed ... only when the record compels a reversal; the mere fact that the record may support a contrary conclusion is not enough to justify a reversal of the administrative findings." Adefemi v. Ashcroft, 386 F.3d 1022, 1027 (11th Cir. 2004) (en banc), cert. denied, 544 U.S. 1035 (2005).

It is, moreover, the function of the Commissioner, and not the courts, to resolve conflicts in the evidence and to assess the credibility of the witnesses. Grant v. Richardson, 445 F.2d 656 (5th Cir. 1971). Similarly, it is the responsibility of the Commissioner to draw inferences from the evidence, and those inferences are not to be overturned if they are supported by substantial evidence. Celebrezze v. O'Brient, 323 F.2d 989, 990 (5th Cir. 1963).

Therefore, in determining whether the Commissioner's decision is supported by substantial evidence, the court is not to reweigh the evidence, but is limited to determining whether the record as a whole contains sufficient

-4-

evidence to permit a reasonable mind to conclude that the claimant is not disabled. However, the court, in its review, must satisfy itself that the proper legal standards were applied and legal requirements were met. <u>Lamb</u> v. <u>Bowen</u>, 847 F.2d 698, 701 (11th Cir. 1988).

B. The Commissioner's regulations set out what is termed a "sequential" analysis for deciding disability claims. <u>See</u> 20 C.F.R. 416.920. The initial question is whether the plaintiff is engaged in substantial gainful activity because, if so, the plaintiff will be found not disabled. 20 C.F.R. 416.920(b). If not, the next inquiry (step two) is whether a claimant has a severe impairment. 20 C.F.R. 416.920(c). An impairment is not severe if it does not significantly limit a claimant's physical or mental abilities to do basic work activities. 20 C.F.R. 416.921(a). If there is not a severe impairment, then a claimant is deemed to be not disabled. 20 C.F.R. 416.920(c).

When an impairment is severe, but does not meet, or equal, a listing in Appendix 1 (step three), a further inquiry (step four) is made as to whether the impairment prevents the claimant from doing past relevant work. 20 C.F.R. 416.920(f). If a claimant cannot do such work, an additional

determination (step five) is made concerning whether the claimant can perform other work which exists in significant numbers in the national economy. 20 C.F.R. 416.920(g). In such cases, the regulations direct that an individual's residual functional capacity, age, education, and work experience be considered in determining whether the claimant is disabled.

### III.

The plaintiff raises two issues (Doc. 22, p. 2). The plaintiff challenges the law judge's finding that she could perform prior work as a cashier, arguing that she did not perform that job at a substantial gainful activity level (id., pp. 2, 7-8). Additionally, the plaintiff contends that the law judge's alternate finding that she could perform the jobs of ticket seller and parking lot cashier is not supported by substantial evidence because her eighth grade education "may not be sufficient" to perform those jobs (id., pp. 2, 5-6). Neither contention warrants reversal.

The plaintiff argues that she did not work as a cashier at the level of substantial gainful activity. Regardless, the law judge's determination that the plaintiff is not disabled is not erroneous because the law judge's finding that she could perform other jobs available in sufficient numbers in the national economy, such as ticket seller, parking lot cashier, and photograph

finisher (Tr. 21-22), is supported by substantial evidence.  Accordingly, the

plaintiff has not identified a reversible error.

The law judge stated to the vocational expert the following

pertinent hypothetical question (Tr. 38-39):

> Assume the person the same age as the [plaintiff]
> .... Education is 8th grade....The first hypothetical is
> going to be lift or carry 20 pounds occasionally, ten
> pounds frequently.  Stand and walk two of eight
> hours in an eight hour day.  Sit six hours in an
> eight hour day. Must be able to change position at
> will.  Occasionally able to climb, balance, stoop,
> kneel, crouch or crawl with no climbing ladders,
> ropes, those kinds of things.   Must avoid
> concentrated exposure to hazards.

The vocational expert responded that the plaintiff could do prior work as a

cashier, which she performed as a ticket seller at the state fair (Tr. 39).

Alternatively, the expert opined that the plaintiff could perform other work

available in significant numbers in the national economy, such as ticket seller,

parking lot cashier, or photograph finisher (id.).  Based on the expert's

testimony, the law judge found that the plaintiff was not disabled (Tr. 20-22).

The plaintiff argues that the law judge's finding that she could

perform prior work as a cashier is erroneous because she did not perform that

job at a substantial gainful activity level (Doc. 22, pp. 7-8).  To qualify as past

relevant work, the work must have been done (1) within the last fifteen years,

(2) long enough for the plaintiff to learn to do it, and (3) at a level constituting substantial gainful activity. See Vaughn v. Heckler, 727 F.2d 1040, 1042 (11th Cir. 1984); 20 C.F.R. 416.965(a).    Additionally, the regulations provide that work activity will be considered substantial gainful activity if the monthly average of the earnings exceeds a certain amount.  20 C.F.R. 416.974(b).  A plaintiff's work is presumed to be substantial gainful activity if the earnings averaged more than $860 a month during the year 2006. 20 C.F.R. 416.974(b)(2).

In this case, the vocational expert testified that the plaintiff could perform her prior work as a cashier (Tr. 39).  This finding was based on the plaintiff's job as a ticket seller at the state fair (id.).  However, the plaintiff earned a total of only $500 as a ticket seller in 2006 (Tr. 154, 200).

The Commissioner does not dispute the amount of the plaintiff's earnings as a cashier.  Rather, the Commissioner contends that, "[if] she only worked at this job for a couple of weeks, she could have averaged at least $860 per month, the level in 2006 that would establish a presumption that Plaintiff's work was substantial gainful activity" (Doc. 25, pp. 10-11).  Since the state fair only lasts about two weeks, this contention has some appeal.  However, it is unnecessary to determine whether this is a correct application

of the regulation in light of the law judge's alternative finding that other work exists in the national economy that the plaintiff can perform.

As the Commissioner points out, the law judge's finding that the plaintiff could perform prior work as a cashier would, in all events, be harmless error. This is because the finding of not disabled is supported by the law judge's alternative finding, based upon the testimony of the vocational expert, that the plaintiff could perform other work which exists in significant numbers in the national economy, such as ticket seller, parking lot cashier, and photograph finisher (Tr. 21, 39). See Moore v. Astrue, 256 Fed. Appx. 330 (11th Cir. 2007)(an error is harmless when correcting it would not change the outcome of the law judge's determination).

Thus, in this case, the law judge did not stop at step four of the sequential analysis regarding past work, but proceeded to the fifth step in the analysis and asked the expert whether there were jobs in the economy that the plaintiff could perform if "there was no past relevant work" (Tr. 39). The expert responded that the plaintiff could perform the jobs of ticket seller, parking lot cashier, and photograph finisher (id.).

The plaintiff argues that, according to the Dictionary of Occupational Titles (DOT), she may lack the educational background to perform this work (Doc. 22, pp. 5-6). This challenge is unpersuasive.

Specifically, the plaintiff has requested a remand of this matter with instructions to the law judge "to question the VE as to whether her testimony is consistent with the DOT, given the Claimant's limited eighth grade education" (id., p. 7). The plaintiff cites to Social Security Ruling 00-4p ("SSR 00-4p"), 2000 WL 1898704, for the requirement that the law judge question the VE regarding the consistency of her testimony with the DOT (Doc. 22, p. 6). That Social Security Ruling is designed to identify and obtain a reasonable explanation for any conflicts between occupational evidence provided by a vocational expert and information in the DOT. To this end, the Social Security Ruling states that, "[w]hen a VE [vocational expert] ... provides evidence about the requirements of a job or occupation, the adjudicator has an affirmative responsibility to ask about any possible conflict between that VE ... evidence and information provided in the DOT." 2000 WL 1898704 at *4.

However, the record indicates that the law judge complied with SSR 00-4p. Specifically, the law judge informed the vocational expert that

he was seeking responses that were "consistent with the Dictionary of Occupational Titles" and directed the expert to explain any opinions inconsistent with the DOT (Tr. 38). The expert responded affirmatively, indicating that she understood this instruction (id.). However, she did not state subsequently that any of her responses were inconsistent with the DOT (see Tr. 39-41). Furthermore, the expert's testimony in this regard was unchallenged by the plaintiff's attorney at the hearing. Accordingly, the law judge found that "the vocational expert's testimony is consistent with the information contained in the Dictionary of Occupational Titles" (Tr. 22).

Moreover, even if the law judge failed to comply with SSR 00-4p, that would not warrant reversal. SSR 00-4p is neither a statute nor a regulation and therefore does not have the force of law. Miller v. Commissioner of Social Security, 246 Fed. Appx. 660, 662 (11th Cir. 2007). Accordingly, a violation of that directive would not amount to reversible error.

The plaintiff argues that her "level of education may not be sufficient to perform the [ticket seller and parking lot cashier] jobs per the DOT" because the DOT identifies these occupations as requiring "a reasoning level of 3 and ... a general learning ability and verbal aptitude in the middle

third of the population" (Doc. 22, p. 6). However, the response to the hypothetical question upon which the law judge based his determination that the plaintiff could work as a ticket seller and parking lot cashier took into account the plaintiff's age, education, past work, and residual functional capacity (Tr. 38-39; see also Tr. 21-22). In particular, the law judge told the expert to assume for the hypothetical questions that the person has an eighth grade education (see Tr. 39). Thus, the expert was informed that the plaintiff had a limited education. See 20 C.F.R. 416.964(b)(3).

Furthermore, the vocational expert was present for the administrative hearing (see Tr. 29-30), so that the expert heard the plaintiff's testimony that she completed the eighth grade, and that the plaintiff could read, write, and do simple mathematics (Tr. 31, 37). Taking into account these factors, the vocational expert opined that the plaintiff could perform the jobs of ticket seller and parking lot cashier (Tr. 39).

The lack of a conflict between such work and the DOT listings is clearly shown by the expert's testimony. Thus, the expert did not simply refer by name to the three jobs she thought the plaintiff could perform. Rather, she cited to them by their DOT number (id.). The reference to the specific DOT numbers demonstrates that the expert meant the jobs to be a

match under the DOT with the limitations expressed in the law judge's hypothetical question.

Moreover, as indicated, the plaintiff had an attorney at the hearing who was given an opportunity to question the vocational expert (Tr. 40). If the plaintiff's attorney had any doubt whether these jobs exceeded her educational background, he could have simply asked the vocational expert about that matter. See Jones v. Apfel, 190 F.3d 1224, 1228 (11th Cir. 1999), cert. denied, 529 U.S. 1089 (2000)(Once the expert identifies jobs that the plaintiff can perform, the burden switches to the plaintiff to prove that she was unable to perform those jobs.). However, the plaintiff's attorney did not cross-examine the vocational expert regarding the educational requirements of these jobs; rather, he questioned the expert only about their exertional requirements (Tr. 40-41; see Tr. 22). Accordingly, the law judge reasonably accepted the uncontroverted testimony of the vocational expert (see Tr. 22, 39).

Moreover, as the Commissioner notes (Doc. 25, p. 15), the plaintiff made no attempt in her memorandum to show that an eighth grade education precludes her from performing the jobs of ticket seller and parking lot cashier. See Jones v. Apfel, supra, 190 F.3d at 1228. Thus, she merely

-13-

speculates that an eighth grade education "may not" be sufficient (Doc. 22, p. 6). However, the plaintiff has previously worked as a ticket seller (see Tr. 39). Furthermore, as the law judge points out, the jobs of ticket seller and parking lot cashier are "unskilled" (Tr. 21-22). A person with a limited education does have the "ability in reasoning, arithmetic, and language skills" to perform unskilled work. See 20 C.F.R. 416.964(b)(3). Therefore, there is no basis to conclude that the plaintiff does not possess the requisite reasoning capabilities to perform the jobs of ticket seller and parking lot cashier.

In all events, the law judge did not err by relying upon the vocational expert's testimony in finding that the plaintiff could perform the jobs of ticket seller and parking lot cashier because, as the plaintiff herself acknowledges (Doc. 22, p. 6), the expert's testimony prevails over the DOT if there is an inconsistency. Jones v. Apfel, supra, 190 F.3d at 1229-30. Thus, the Eleventh Circuit has held that, where there is a conflict between the expert's testimony and a job description contained in the DOT, "the VE's testimony 'trumps' the DOT." Id.; see also Miller v. Commissioner of Social Security, supra, 246 Fed. Appx. at 662.

As the court of appeals explained, the DOT is not comprehensive and is to be supplemented with local information, which the expert provides.

-14-

Jones v. Apfel, supra, 190 F.3d at 1230; see also Hurtado v. Commissioner
of Social Security, 425 Fed. Appx. 793, 795-96 (11th Cir. 2011)("the VE is an
expert on the kinds of jobs a person can perform, while the DOT simply
provides generalized overviews of jobs and not the specific requirements of
a job"); Jones v. Commissioner of Social Security, 423 Fed. Appx. 936, 939
(11th Cir. 2011)(the "DOT provides descriptions of occupations, not of the
numerous jobs within those occupations, and the VE may be able to provide
more specific information about jobs or occupations than the DOT").

The expert's particularized knowledge is aptly given greater
weight under the circumstances of this case. Thus, in forming her opinions,
the expert was aware that the plaintiff previously performed the job of ticket
seller (Tr. 39). Although the plaintiff's work as a ticket seller may not have
constituted substantial gainful activity, there is no evidence that the plaintiff
was unable to learn the job. Furthermore, the expert opined that the plaintiff
could be a parking lot cashier, which is one of many types of cashiers noted
under this DOT number (see DICOT 211.462-101, 1991 WL 671840).
Therefore, the reasoning abilities and general learning abilities which are
identified generically for cashier II in the DOT may not even be applicable to
the parking lot cashier job. Accordingly, the law judge "was permitted to

base his findings about these ... jobs exclusively on the VE's testimony, irrespective of any inconsistency with the DOT...." Jones v. Commissioner of Social Security, supra, 423 Fed. Appx. at 939.

Finally, as the Commissioner points out (Doc. 25, p. 13), the law judge also found, based on the testimony of the vocational expert, that the plaintiff could perform the job of photograph finisher (Tr. 21-22; see Tr. 39). Significantly, the plaintiff has not mentioned any challenge to this finding.

The photograph finisher job has a DOT reasoning level of 2, and a general learning ability for the lowest one-third of the population. DICOT 976.487-101, 1991 WL 688601. The plaintiff does not argue that this job requires skills beyond her educational background. Furthermore, the vocational expert testified that there are 650 of these jobs locally, 14,000 of these jobs statewide, and 350,000 nationwide (Tr. 39-40). Therefore, even relying solely upon the photograph finisher job, work exists for the plaintiff in significant numbers in the national economy. See Brooks v. Barnhart, 133 Fed. Appx. 669, 670-71 (11th Cir. 2005)(noting that the Eleventh Circuit has held that 174 jobs in the local area is a significant amount of jobs). Accordingly, even if there had been an error with respect to the jobs of ticket seller and parking lot cashier, that error would be harmless since the

photograph finisher job alone supports the law judge's finding that there are jobs in significant numbers in the national economy that the plaintiff can perform.

In sum, the plaintiff has failed to show that the law judge erred in relying on the vocational expert's testimony in making the alternative finding that the plaintiff could perform other jobs that exist in significant numbers in the national economy and that, therefore, she was not disabled.[2]

It is, therefore, upon consideration

ORDERED:

That the decision of the Commissioner of Social Security is hereby AFFIRMED. The Clerk shall enter judgment accordingly and CLOSE this case.

DONE and ORDERED at Tampa, Florida, this _____7____day of February, 2013.

THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE

---

[2]It is noted that in her conclusion the plaintiff asserts that "the Commissioner [sic] final residual functional capacity of light work does not conform with the definition of light work under Social Security Ruling 83-10" (Doc. 22, p. 8). This contention, in violation of the scheduling Order, was neither articulated as an issue nor supported by citation to law or facts (see Doc. 14, p. 2). Consequently, any such contention is deemed abandoned.